SEXTON, Judge Pro Tern.
| plaintiffs, Edgar and Nancy Harrell, appeal the trial judge’s ruling that Mr. Harrell was 1/3 at fault and that Cpl. Ron Herkey was 2/3 at fault for an automobile accident which resulted in injury to Mr. Harrell. The Harrells were awarded damages subject to the above apportionment of fault. For the reasons stated herein, we affirm.

FACTS

The accident at issue occurred at the intersection of Millicent Way and Youree Drive in Shreveport. At this point, eastbound Millicent Way is the main access to LSU-S. It was just after midnight and Mr. Harrell was leaving LSU-S after a computer lab class. Therefore, Mr. Harrell was traveling away from LSU-S (west) and was stopped at the red light on Millicent Way where it intersects with Youree Drive. When the light turned green, he proceeded into the intersection, crossing the northbound lanes of Youree Drive and the center area. As he entered the southbound lanes, he was struck by a police vehicle driven by Cpl. Herkey responding to an emergency call. There is no dispute that Cpl. Herkey traveled through the red light and was going 60-65 mph in the 45 mph speed zone. Cpl. Her-key did not slow down or stop when passing through the intersection and there were no tire tread marks on the pavement indicating that he applied his brakes prior to impact. Mr. Harrell maintains that he did not see or hear the police vehicle before impact; rather, when the light turned green, he slowly proceeded through the intersection and did not “look around” before crossing the intersection.
Cpl. Herkey testified that he had his lights and sirens on, although the trial judge found that his sirens were not activated. The two witnesses who |2were near Mr. Harrell at the time of the accident testified that they saw the patrol ear approaching and the lights were on, but the siren was not sounding.
*1182 One of those witnesses was a Ms. Olds, who had been in the computer lab with Mr. Harrell, apparently working on the same project. The lab closed at midnight and Mr. Harrell had offered to walk Ms. Olds to her ear. Ms. Olds was directly behind Mr. Harrell in leaving the lab. Her initial statement to the police was that the officer had activated both lights and siren. Ms. Olds went to the police station the day after the accident and affirmed in a second statement that the lights were on, but affirmatively stated that there was no siren and that the officer did not brake or slow. At trial, Ms. Olds testified that the light was red as she and Mr. Harrell approached it. They stopped only for a second and then the light was immediately green. She stated that Mr. Harrell hesitated and she had the affirmative thought, “what are you doing?” She further testified that it took him “a minute” to proceed.
A Mr. Dennen, who had apparently just gotten off work at Thrifty Liquor, was stopped at the stop light at Millicent and Youree Drive facing north. He testified that he saw the police officer come from “a good ways away” and mentioned that the officer was near Wendy’s when he saw him. His statement to the police after the accident, and his testimony, were that he heard no siren, but that the lights on the police vehicle were flashing. Mr. Dennen further testified that he saw the officer try to move to avoid hitting Mr. Harrell’s vehicle. Finally, Mr. Dennen testified that he saw no brake lights on Mr. Harrell’s vehicle.
Cpl. Herkey testified that, while they are taught when an impact is imminent to take another car head on as the other vehicle is designed to be |ssafest in that fashion, he “racked it,” or instinctively turned the wheel. The right and left wheels of the police vehicle were in two separate lanes and the pictures clearly show that Mr. Harrell’s vehicle was mostly sideswiped. The officer testified that his car had antilock brakes, which are not supposed to skid.
As previously stated, the trial judge found that Cpl. Herkey was negligent (2/3) because his siren was not activated (the judge accepted the testimony of the two driver witnesses in this regard) and he did not slow at all in approaching the intersection. The judge further found that Mr. Harrell was comparatively negligent (1/3) because he should have been aware of the approaching patrol car. The trial judge stated that, since Mr. Harrell had been working late, it was a “reasonable inference ... that Mr. Harrell was, more likely than not, fatigued as he left the university.” Mr. Harrell, therefore, relied solely on the traffic light and did not look to the left or right before entering the intersection.
This appeal by the Harrells ensued. The sole issue is apportionment of fault.

DISCUSSION

A trial court is required to compare the relative fault of the parties in assessing liability. In allocating fault, a trial court must consider the nature of each party’s conduct and the extent of the causal relationship between that conduct and damages. McCullin v. U.S. Agencies Casualty Ins. Co., 34,661 (La.App.2d Cir.5/9/01), 786 So.2d 269. Factors which may influence the degree of fault assigned to each party include: (1) the conduct resulted from inadvertence or involved an awareness of danger; (2) how great a risk the | ¿conduct created; (3) the significance of what the actors sought by the conduct; (4) the capacities of the actors, whether superior or inferior; and (5) any extenuating circumstances which might require the actors to proceed in haste, without proper forethought. Watson v. State Fam Fire & Casualty Ins. Co., 469 So.2d 967 (La. *1183 1985); Bennett v. Louisiana Farm Bureau Cas. Ins. Co., 43,216 (La.App.2d Cir.4/30/08), 983 So.2d 966. The trial court’s apportionment of fault is a factual determination subject to the manifest error standard of review. Williams v. City of Monroe, 27,065 (La.App.2d Cir.7/3/95), 658 So.2d 820, writs denied, 95-1998, 95-2017 (La.12/15/95), 664 So.2d 451, 452.
A motorist’s duty of care includes the duty to keep his vehicle under control and to maintain a proper lookout for hazards. Williams, supra. A motorist must use such diligence and care in the operation of his vehicle as is commensurate with the circumstances. Edwards v. Horstman, 96-1403 (La.2/25/97), 687 So.2d 1007.
In addition, motorists have a duty to yield the right-of-way to an emergency vehicle when the motorist observes or hears, or under the circumstances should have observed or heard, the audible warning and visual warnings of such a vehicle. Butcher v. City of Monroe, 31,932 (La.App.2d Cir.5/5/99), 737 So.2d 189, writ denied, 99-1608 (La.9/17/99), 747 So.2d 566.
In the case sub judice, Cpl. Herkey was traveling at a relatively high rate of speed because he had received a radio call from a reserve deputy that he heard a woman scream “help me” twice and had been unable to locate her and |sneeded patrol assistance. Even so, there is no dispute that Cpl. Herkey was negligent in his failure to slow down as he approached the intersection, and, therefore, was partially at fault in causing the accident. The question here is whether the trial court was clearly wrong in assessing 1/3 of the fault for the accident to Mr. Harrell. Mr. Harrell is 61 years old, suffers from diabetes and, obviously, had been working in a computer lab for a good portion of the night. He stopped at a red light for longer than he needed to, such that the driver behind him, Ms. Olds, wondered what he was doing. Moreover, we note that, at the point of impact, Youree Drive is a wide, modern street with a very wide median. Mr. Harrell testified that did not “look around” before he entered the intersection and he never saw the police car until it hit him. Mr. Harrell argues that there is no evidence that he was fatigued when he chose to enter the intersection. However, we find that, even if he was not tired, he was extremely inattentive at the least, as borne out by the physical facts. Accordingly, we cannot say that the trial court was clearly wrong in its assessment to Mr. Harrell of 1/3 of the fault.

CONCLUSION

For the foregoing reasons, the judgment of the trial court assessing 1/3 of the fault for the accident to Plaintiff Edgar B. Harrell and 2/3 of the fault to Cpl. Ron Her-key is affirmed at Plaintiffs’ cost.
AFFIRMED.
STEWART, J., dissents and assigns written reasons.
WILLIAMS, J., dissents for the reasons assigned by STEWART, J.